## United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-2380

_____

Mary Karen Moretti

*Plaintiff - Appellant*

v.

Mutual Pharmaceutical Company, Inc.
and Actavis-Elizabeth, LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 13, 2012
Filed: June 21, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mary Karen Moretti, a citizen of Nevada, alleges that she was injured by the prescription medication metoclopramide, which is available in both generic forms and under the brand name Reglan. Moretti filed suit in federal court, alleging various causes of action against Mutual Pharmaceutical Company, Inc. (Mutual), and

Actavis-Elizabeth, LLC (Actavis), the makers of the generic drug Moretti took. Moretti appeals from the district court's[1] adverse grant of judgment on the pleadings. We affirm.

In May 2003, Moretti was prescribed Reglan to treat her gastrointestinal disorders. From August 2003 to April 2004, Moretti ingested the generic version of Reglan manufactured by Mutual and Actavis. Moretti alleges that she developed the neurological movement disorder tardive dyskinesia as a result of her taking the drug. She faults Mutual and Actavis for not adequately informing her and her physician of the known risks associated with long-term metoclopramide use.

Moretti filed this action in March 2010, asserting the following common law claims for relief against Mutual and Actavis: negligence, misrepresentation by omission, constructive fraud, negligent infliction of emotional distress, negligent misrepresentation, and fraud by concealment. Moretti also alleged claims under Minnesota's and Nevada's deceptive trade practice acts, as well as under Minnesota's false statement in advertising act and consumer fraud act. After Mutual and Actavis answered the complaint, the district court granted their motion to stay proceedings pending the Supreme Court's determination of "whether federal drug regulations applicable to generic drug manufacturers directly conflict with, and thus pre-empt, [certain state law] claims." Pliva, Inc. v. Mensing, 131 S. Ct. 2567, 2572 (2011).

The Supreme Court issued its decision in Mensing in June 2011, holding that federal law preempts "state tort-law claims based on certain drug manufacturers' alleged failure to provide adequate warning labels for generic metoclopramide." 131 S. Ct. at 2582. Thereafter, the district court lifted the stay in Moretti's case to allow the parties to file pre-discovery dispositive motions.

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

Mutual and Actavis moved for judgment on the pleadings, arguing that Moretti's claims were virtually identical to Mensing's and thus were foreclosed by the Supreme Court's decision. In response, Moretti argued that Mensing decided only that failure to warn claims were preempted and that she had alleged other theories of liability. The district court concluded that "the essence of these claims is that important safety information as to metoclopramide was not disseminated, or made clear, to the public or to the medical community. In other words, Defendants failed to warn of material safety information concerning metoclopramide." D. Ct. Order of Feb. 13, 2012, at 11. The district court granted the motion and dismissed the case with prejudice.

Having reviewed *de novo* the district court's grant of judgment on the pleadings, see Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (standard of review), we conclude that Moretti's claims are foreclosed by the Supreme Court's decision in Mensing. The district court accurately characterized Moretti's complaint as alleging only failure to warn claims, and we have rejected as unduly narrow Moretti's view that Mensing preempts only "allegations that a generic manufacturer should have unilaterally changed the content of its metoclopramide label[.]" Appellant's Br. 12; see Bell v. Pfizer, Inc., No. 12-1674, slip op. at 10-11 (8th Cir. June 14, 2013) (quoting identical language from Bell's appellate brief and holding that the plaintiff's failure to warn claims were preempted under Mensing). Although Moretti contends that Mensing did not decide whether federal law preempts state law claims of strict liability and breach of warranty, Moretti pled no such claims in her complaint.

To the extent that Moretti argues that her injuries were caused by the manufacturers' failure to implement changes to the metoclopramide label that the Food and Drug Administration had approved for Reglan in 2003 and 2004, she did not raise this argument before the district court and thus we will not consider it. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that

a federal appellate court does not consider an issue not passed upon below."). Mutual and Actavis's motion to strike the argument is denied as moot.

The judgment is affirmed.

_____